UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SARAH L. SMILEY,

                      Plaintiff,

v.                                                                      7:16CV-1263
                                                                           (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| OFFICE OF CHRISTINE SCOFIELD<br>  Counsel for Plaintiff<br>506 East Washington St., Ste. D<br>Syracuse, NY 13202 | CHRISTINE A. SCOFIELD, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | SUSAN J. REISS, ESQ. |

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

This matter was referred to me, for all proceedings and entry of a final judgment, pursuant to the Social Security Pilot Program, N.D.N.Y. General Order No. 18, and in accordance with the provisions of 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, N.D.N.Y. Local Rule 73.1 and the consent of the parties. (Dkt. Nos. 2, 21.).

Currently before the Court, in this Social Security action filed by Sarah L. Smiley ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are the parties' cross-

motions for judgment on the pleadings. (Dkt. Nos. 15, 18.) For the reasons set forth below, Plaintiff's motion is denied and Defendant's motion is granted.

## I.   RELEVANT BACKGROUND

### A.   Factual Background

Plaintiff was born in 1969. (T. 88.) She completed high school. (T. 93.) Generally, Plaintiff's alleged disability consists of anxiety, high blood pressure, "fluid around heart," high cholesterol, and asthma. (T. 92.) Her alleged disability onset date is May 31, 2012. (T. 28.) She has no past relevant work.

### B.   Procedural History

On October 15, 2012, Plaintiff applied for a period of Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (T. 88.) Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On October 15, 2014, Plaintiff appeared before the ALJ, Elizabeth J. Koennecke. (T. 562-590.) On January 20, 2015, ALJ Koennecke issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 14-26.) On August 16, 2016, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 8-12.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C.   The ALJ's Decision

Generally, in her decision, the ALJ made the following five findings of fact and conclusions of law. (T. 19-26.) First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 15, 2012. (T. 19.) Second, the ALJ found that Plaintiff had the severe impairments of degenerative disc disease of the cervical spine,

mild degenerative joint disease of the shoulder, and a mental impairment (variously characterized). (*Id.*) Third, the ALJ found that Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 20.) Fourth, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform the exertional demands of light work with additional limitations. (T. 22.)[1] The ALJ determined that Plaintiff could occasionally kneel, squat, bend, and reach. (*Id.*) The ALJ determined Plaintiff could not work at a job that required holding her head in a fixed position. (*Id.*) The ALJ determined that Plaintiff could understand and follow simple instructions and directions; perform simple and some complex tasks with supervision and independently; maintain attention/concentration for simple and some complex tasks; regularly attend to a routine and maintain a schedule; relate to and interact with others to the extent necessary to carry out simple tasks but should avoid work requiring more complex interaction or joint effort to achieve work goals; and handle reasonable levels of simple work-related stress in that she could make occasional simple decisions directly related to the completion of tasks in a stable, unchanging work environment. (*Id.*) Fifth, the ALJ determined that Plaintiff had no past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform. (T. 25-26.)

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 416.967(b).

Plaintiff essentially argues that the ALJ erred in her RFC determination because she failed to account for Plaintiff's inability to maintain attention, concentration and/or attendance and failed to account for her respiratory limitations.  (Dkt. No. 15 at 3-5 [Pl.'s Mem. of Law].)  Plaintiff also appears to argue that she was prejudiced at the hearing and AC level because she proceeded *pro se* and did not know how to "address" the post hearing vocational expert testimony.  (*Id.*)

### B.     Defendant's Arguments

In response, Defendant makes two arguments.  First, Defendant argues substantial evidence supported the ALJ's RFC finding.  (Dkt. No. 18 at 7-10 [Def.'s Mem. of Law].)  Second, and lastly, Defendant argues the ALJ properly sent interrogatories to the vocational expert.  (*Id.* at 10-12.)

## III.    RELEVANT LEGAL STANDARD

### A.     Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct

legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. §

416.920.  The Supreme Court has recognized the validity of this sequential evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.   ANALYSIS

### A.  RFC Determination

The RFC is an assessment of "the most [Plaintiff] can still do despite [his or her] limitations." 20 C.F.R. § 416.945(a)(1). The ALJ is responsible for assessing Plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what Plaintiff can still do, provided by any medical sources.  *Id.* at §§ 416.927(d), 416.945(a)(3), 416.946(c).

Plaintiff appears to argue that she was unable to "attend [a] job on a reliable basis because the symptoms of [her] disability make it impossible to be certain to show up on a regular schedule."  (Dkt. No. 15 at 3-4 [Pl.'s Mem. of Law].)  Plaintiff's argument fails.  First, Plaintiff does not cite to any evidence in the record to support her contention that her mental impairments caused greater limitations than accounted for in the ALJ's RFC determination.  Second, the ALJ's mental RFC determination, that Plaintiff could

6

regularly attend to a routine and maintain a schedule, was supported by substantial evidence in the record.

In formulating her mental RFC determination, the ALJ relied on the medical opinion of consultative examiner, Christine Ransom, Ph.D. and non-examining State agency medical consultant Dr. J. Echervarria, treatment notations in the record, and Plaintiff's testimony. (T. 24-25.)

On March 27, 2013, Dr. Ransom performed a psychiatric evaluation. (T. 254-257.) Based on her examination, she opined that Plaintiff would have "moderate difficulty following and understanding simple directions and instructions, performing simple tasks independently, maintaining attention and concentration for simple tasks, maintaining a simple regular schedule and learning simple new tasks." (T. 256-257.) She further opined, Plaintiff would have "moderate to marked difficulty performing complex tasks, relating adequately with others and appropriately dealing with stress." (T. 257.) The ALJ afforded Dr. Ransom's opinion "great weight." (T. 24.)

Dr. Echervarria reviewed Plaintiff's record on April 3, 2013, including Dr. Ransom's examination and opinion. (T. 37.) He opined that based on his review of the record, Plaintiff was "not significantly limited" in her ability to: remember locations and work-like procedures; understand and remember very short and simple instructions; sustain an ordinary routine without special supervision; work in coordination with or in proximity to others without being distracted by them; make simple work-related decisions; interact with the public; ask simple questions or request assistance; and get along with coworkers or peers without distracting them or exhibiting behavioral extremes. (T. 35-36.) He opined that Plaintiff was "moderately limited" in her ability to:

understand and remember detailed instructions; maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; accept instructions and respond appropriately to criticism from supervisors; and maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness.  (*Id.*)  The ALJ afforded "great weight" to Dr. Echervarria's opinion. (T. 25.)

The ALJ also relied on treatment notations from Plaintiff's therapist, Toby K. Davis and Plaintiff's activities.  (T. 25.)  Indeed, Mr. Davis noted Plaintiff missed several appointments because she was "feeling better."  (T. 252.)  Mr. Davis further noted that Plaintiff's mood was consistent and her medication was helping her mood.  (*Id.*)  He suggested that Plaintiff seek work "to become more self-sufficient."  (*Id.*)

It is well settled that an ALJ is entitled to rely upon the opinions of both examining and non-examining State agency medical consultants, since such consultants are deemed to be qualified experts in the field of social security disability.  *See* 20 C.F.R. §§ 416.912(b)(6), 416.913(c), 416.927(e); *Baszto v. Astrue,* 700 F. Supp. 2d 242, 249 (N.D.N.Y. 2010) ("[A]n ALJ is entitled to rely upon the opinions of both examining and non-examining State agency medical consultants, since such consultants are deemed to be qualified experts in the field of social security disability."); *see also Heagney-O'Hara v. Comm'r of Soc. Sec.,* 646 F. App'x 123, 126 (2d Cir. 2016); *see also Monette v. Colvin,* 654 F. App'x 516 (2d Cir. 2016); *see also Snyder v. Colvin,* 667 F. App'x 319 (2d Cir. 2016).

In addition, "moderate" limitations in work related functioning does not preclude the ability to do basic work activities. *See McIntyre v. Colvin*, 758 F.3d 146, 151-52 (2d Cir. 2014); *see Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010). Basic mental work activities include the ability to: understand, carry out, and remember simple instructions; use judgment; respond appropriately to supervision, co-workers and usual work situations; and deal with changes in a routine work setting. 20 C.F.R. § 416.921(b)(3)-(6), *see* also SSR 85-15 (S.S.A. 1985) ("The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, co-workers, and usual work situations; and to deal with changes in a routine work setting. A substantial loss of ability to meet any of these basic work-related activities would severely limit the potential occupational base.") Therefore, the ALJ's determination that Plaintiff could maintain a routine and schedule was supported by substantial evidence in the record as outlined above.

Plaintiff also appears to argue the ALJ failed to adopt the opinion of consultative examiner Elke Lorenson, M.D., that Plaintiff should avoid respiratory irritants. (Dkt. No. 15 at 5 [Pl.'s Mem. of Law].) At step two the ALJ determined that Plaintiff's asthma was not a severe impairment. (T. 20.) Plaintiff does not argue the ALJ erred in her step two determination. Further, Plaintiff fails to provide any evidence in the record establishing a need to avoid respiratory irritants.

As stated by Defendant, a review of the record reveals a single treatment note dated December 19, 2013, which indicated that Plaintiff experienced a cough, chest tightness, shortness of breath, and wheezing. (T. 282.) Other than that one notation,

the record contains numerous notations of normal pulmonary examinations. (T. 160, 169, 193, 195, 204, 206, 208, 268, 271, 273, 277, 279, 295, 302, 305, 307, 309, 311, 313, 330, 333, 335, 338, 341, 344, 348, 350, 353, 359, 362, 365, 369, 371, 378, 382, 385, 429, 433, 477, 487, 489.) Notations further indicated Plaintiff's asthma was "stable" and objective medical imaging was normal. (T. 211, 214, 455.) Substantial evidence in the record supported the ALJ's determination to not include respiratory limitations in her RFC determination. Therefore, Plaintiff failed to prove that her asthma provided greater limitations than imposed by the ALJ in her RFC determination.

### B. Waiver of Representation

Plaintiff appears to argue that because she proceeded *pro se* at the hearing and at the AC level she was disadvantaged because she did not have the benefit of an attorney to assist her with the post-hearing vocational expert interrogatories. (Dkt. No. 15 at 4 [Pl.'s Mem. of Law].)

Although a plaintiff does not have a constitutional right to counsel at a social security disability hearing, she does have a statutory and regulatory right to be represented should she choose to obtain counsel. 42 U.S.C. § 406; 20 C.F.R. § 404.1705; *see Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009).

The Commissioner is required to notify plaintiffs in writing of the option to retain an attorney to be present at hearings, and of the availability of free legal services. 42 U.S.C. § 1383(d)(2)(D); *see also* 20 C.F.R. §§ 404.1705, 404.1706. The ALJ must also ensure, at the hearing itself, that the plaintiff is aware of these rights. *Lamay,* 562 F.3d at 507.

However, "[e]ven if an ALJ does not sufficiently inform a plaintiff of his/her rights, the lack of counsel, in and of itself, is not a sufficient ground upon which remand or reversal may be based." *Grant v. Astrue*, No. 5:05-CV-1138, 2008 WL 2986393, at *5 (N.D.N.Y. July 31, 2008) (citing *Alvarez v. Bowen*, 704 F.Supp. 49, 53 (S.D.N.Y. 1989)). Rather, a "[p]laintiff must show prejudice or unfairness in the proceeding." *Grant*, 2008 WL 2986393, at *5 (citing *Evangelista v. Sec'y of Health and Human Servs.*, 826 F.2d 136, 142 (1st Cir. 1987)). Additionally, "[t]he Commissioner of Social Security is not obligated to provide a claimant with counsel," though where a plaintiff proceeds *pro se*, "the ALJ has a duty 'to scrupulously and conscientiously probe into, inquire of, and explore all relevant facts.' " *Lamay*, 562 F.3d at 509 (quoting *Hankerson v. Harris*, 636 F.2d 893, 895 (2d Cir. 1980)).

Prior to the hearing the Social Security Administration informed Plaintiff of her right to be represented and provided her a list of organizations to contact for representation. (T. 45-52, 53-62.) At the hearing the ALJ informed Plaintiff that she could adjourn the hearing to allow her time to find representation. (T. 564-565.) Plaintiff informed the ALJ that she "prefer[ed] to just keep going without the rep." (T. 565.) The ALJ also informed Plaintiff of her rights regarding any evidence or testimony that may be received after the hearing. (T. 568-570.)

After the hearing the ALJ requested vocational expert ("VE") testimony by way of written interrogatories. (T. 147-148.) Plaintiff concedes that the ALJ "properly provided a copy" of the VE resume "as well as the written questions she posed to the [VE] and gave [plaintiff] the opportunity to respond." (Dkt. No. 15 at 4 [Pl.'s Mem. of Law].) As indicated by Defendant, it is unclear from Plaintiff's brief exactly what she is arguing with

regard to the VE's written testimony.  (Dkt. No. 18 at 11 [Def.'s Mem. of Law].)  Plaintiff appears to argue that because she did not have representation she was unable to meaningfully respond to the interrogatories.

To be sure, as stated by Plaintiff, VE testimony "tends not to be understandable by an unrepresented claimant." (Dkt. No. 15 at 4 [Pl.'s Mem. of Law].)  For precisely such reasons the Commissioner is required to notify plaintiffs in writing of the option to retain an attorney to be present at hearings, and of the availability of free legal services, and the ALJ must also ensure, at the hearing itself, that the plaintiff is aware of these rights.  42 U.S.C. § 1383(d)(2)(D); *see also* 20 C.F.R. §§ 404.1705, 404.1706; *see Lamay,* 562 F.3d at 507.  Here, Plaintiff was properly informed of her right to representation prior to the hearing and at the hearing.  Plaintiff voluntarily and knowingly waived her right to counsel.

Further, Plaintiff fails to show that she was prejudiced by lack of counsel.  Plaintiff asserts that had she had representation, the VE would have been properly cross examined regarding Plaintiff's inability to maintain attention and concentration.  (Dkt. No. 15 at 3-4 [Pl.'s Mem. of Law].)  However, as stated herein, the ALJ properly assessed Plaintiff's mental RFC, specifically her ability to maintain attention and concentration.  Because the ALJ did not err in her RFC assessment, the ALJ did not err in posing a hypothetical question to the vocational expert that was based on that assessment. *See Dumas v. Schweiker,* 712 F.2d 1545, 1553-1554 (2d Cir.1983) (approving a hypothetical question to a vocational expert that was based on substantial evidence in the record).  In other words, even if Plaintiff had representation at the time of the VE interrogatories, and representation posed a more restrictive hypothetical to

the VE, the ALJ's step five determination would still be upheld for the reasons stated herein. Therefore, the ALJ did not err in her request and reliance on written interrogatories provided by the VE. Plaintiff proceeded *pro se* voluntarily and knowingly.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 15) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 18) is **GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:    January 10, 2018

*Bill Carter*
William B. Mitchell Carter
U.S. Magistrate Judge